IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Austin Morton, | ) | Case No. 8:21-cv-01037-JD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1] Robert Austin Morton ("Petitioner" or "Morton") brought this Petition for a Writ of Habeas Corpus without the aid of counsel under 28 U.S.C. § 2254, seeking this Court vacate his conviction and remove his name from the sex offender registry or grant him a new trial. (DE 1, p. 15.) Morton is serving a 12-year sentence, which began on April 20, 2016, after pleading guilty to the charge of third degree criminal sexual conduct with a minor in the Spartanburg County Court of General Sessions.

The Report recommends summary dismissal without requiring the captioned Respondent to file a return because this Court lacks jurisdiction since Petitioner failed to exhaust his state court

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

remedies.[2] (DE 14, p. 5.) Morton filed an Objection, which purportedly provides "the proof as to why [Morton] deserve[s] a new trial or for [his] conviction to be completely (sic) over turned," to the Report and Recommendation. (DE 21.) For the following reasons, the Court adopts the Report and Recommendation as modified.

Although Morton filed an Objection to the Report and Recommendation, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Petitioner's objection is non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. Although the Report primarily recommends dismissal because there was a

---

[2]     At the time the Report was issued, Petitioner had a PCR action at case number 2020CP4202604 pending in state court, which was filed on July 31, 2020 (after initially filing and withdrawing an initial PCR action on September 18, 2017), regarding the conviction and sentence Petitioner seeks to challenge in the present action. However, the second PCR action at 2020CP4202604 was subsequently dismissed by the state court on January 13, 2022, because "it is untimely, successive, and fails to establish a *prima facie* case of newly discovered evidence." (Final Order of Dismissal, Morton v. State, No. 2020CP4202604 available at the Spartanburg County Seventh Judicial Circuit Public Index, https://publicindex.sccourts.org/ Spartanburg/PublicIndex/PISearch.aspx (search by case number "2020CP4202604")(last visited March 7, 2022).)

pending state court PCR action, the PCR action has since been dismissed. In that regard, the Report also recommends dismissal because this action is time-barred by the applicable statute of limitations, and Petitioner failed to object to this portion of the Report. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, a petitioner has one year to file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). However, the statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). While the limitations period is tolled during the pendency of a properly filed collateral attack on the subject conviction, the one-year statute of limitations begins to run on the date a petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000); see also Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001) (evaluating when a conviction becomes final under South Carolina law). Here, this action is time-barred because Morton pled guilty on April 20, 2016, but he did not file this PCR application until July 31, 2020, well beyond the statutory filing period. See Day v. McDonough, 547 U.S. 198, 208 (2006) (district courts may sua sponte consider the timeliness of state prisoner's habeas petition); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (holding that habeas court had discretion to sua sponte dismiss habeas petition for untimeliness). Accordingly, Morton's petition is subject to summary dismissal with prejudice

It is, therefore, **ORDERED** that Morton's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

*Joseph Dawson, III*
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
March 14, 2022

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.